IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERIC C. CATCHINGS                                              PETITIONER

VS.                                         CIVIL ACTION NO. 3:13CV396-DPJ-FKB

RONALD KING                                                      RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for writ of habeas corpus filed by Roderic C. Catchings, a state prisoner.   Having considered the petition, response, and the state court record, the undersigned recommends that the petition be dismissed with prejudice.

In his petition, Catchings attacks a state court sentence imposed on June 27, 2011, by the Circuit Court of Rankin County, Mississippi.  This sentencing order was the third such order entered for the crimes of which Catchings was indicted.  Catchings initially pleaded guilty on November 28, 2005, to three counts of armed robbery and one count of aggravated assault.  On November 28, 2005, the court sentenced him to 20 years on the aggravated assault charge and 25 years on each of the armed robbery charges, with 10 years suspended, all of the sentences to run concurrently.  Thereafter, Catchings filed a motion for post-conviction relief, arguing that his plea was involuntary because he had not been informed that his armed robbery sentences would have to be served day for day. After a hearing, the court found that Catchings's plea had been involuntary.  As a remedy, the court offered Catchings the choice of either being resentenced or withdrawing his pleas entirely and going to trial.  Catchings chose to be resentenced.  On March 17, 2008,

the circuit court entered a new order sentencing Catchings to 20 years on the aggravated assault charge and 35 years on the armed robbery charges, with 17 years suspended and 18 years to serve.

Catchings filed a second PCR motion, arguing once again that he had been misinformed as to the effect of the sentences.  The court denied the motion, holding that it was successive.  On appeal, the Mississippi Court of Appeals reversed, finding that the motion was not a successive writ and that the circuit court had erred in entering the new sentencing order.  *Catchings v. State*, 35 So. 3d 552 (Miss. App. 2010).  In its decision, the court reasoned that once the circuit court had found that Catchings's plea was involuntary, it should have required Catchings to either enter new pleas or go to trial, rather than merely resentencing him.  On remand, the circuit court granted the PCR motion, set aside the pleas, and set the case for trial.  Thereafter, Catchings entered open guilty pleas to all of the charges.  On June 27, 2011, the court sentenced him to 20 years on the aggravated assault charge and 35 years on each of the armed robbery charges, all sentences to be served concurrently.

Catchings then filed a third PCR motion, challenging his most recent sentence.  In the motion, he argued that his plea agreement had been breached, that the court abused its discretion, that the sentence violated the double jeopardy clause, and that the sentence was the product of judicial vindictiveness.  The circuit court dismissed the motion, holding that it appeared plainly from the face of the motion that Catchings was not entitled to relief.  On April 2, 2013, the court of appeals affirmed.  *Catchings v. State*, 111 So. 3d 1238 (Miss. App. 2013).  Catchings filed a motion for rehearing on April 25, 2013,

and on May 9, 2013, he filed a petition for a writ of certiorari.  The supreme court

dismissed the petition as untimely.[1]

Catchings then filed the present habeas petition, attacking his sentence and

asserting the same grounds as those raised in his third PCR proceeding.

Before federal habeas relief may be granted, a prisoner must properly exhaust his

remedies in state court.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied

if the substance of the federal claim set forth in the habeas petition has been fairly

presented to the state's highest court in a procedurally proper manner. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Petitioner presented his claims in his third PCR application and appealed the denial of

relief to the state court of appeals.  However, once his appeal was denied, he failed to file

a timely motion for rehearing and application for a writ of certiorari to Mississippi's highest

court.  Thus, he never met the exhaustion requirement for his claims.  Furthermore, it is

clear that there is no longer any avenue of relief available to him in state court on his

claims.[2]  Where a state prisoner has defaulted his federal claims in state court pursuant to

an independent and adequate state procedural rule, federal habeas review of the claims is

barred unless the prisoner can demonstrate cause for the default and actual prejudice as

a result of the alleged violation of federal law, or can demonstrate that failure to consider

---

[1]A motion for rehearing must be filed within 14 days after the court's decision
is handed down.  Miss. R. App. P. 40(a).  The timely filing of a motion for rehearing is
a prerequisite for the filing of a petition for a writ of certiorari.  Miss. R. App. P. 17(b).

[2]Any additional PCR motion regarding his sentence would be time-barred
pursuant to Miss. Code Ann. § 99-39-5(2) and would also likely be barred as
successive pursuant to Miss. Code Ann. § 99-39-23(6).

the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Thus, because Catchings's claims would now be procedurally barred in state court, they have been procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider his claims would result in a fundamental miscarriage of justice.  *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Catchings has made no showing that either of these exceptions is applicable. Therefore, the undersigned recommends that Catchings's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of November, 2014.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE

4