UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERIC C. CATCHINGS                                                                                    PETITIONER

v.                                                                                  CIVIL ACTION NO. 3:13cv396-DPJ-FKB

RONALD KING                                                                                              RESPONDENT

ORDER

This cause came on this date to be heard upon the November 21, 2014 Report and Recommendation [18] of the United States Magistrate Judge, after referral of hearing by this Court.  United States Magistrate Judge F. Keith Ball recommended dismissal with prejudice of Catchings's petition for writ of habeas corpus.  Catchings filed an Objection [19] to the Report and Recommendation on December 19, 2014.  Catchings also filed a Motion to Show Cause [20] on that date, which the Court construes as a motion to file Objection out of time and grants.  The Court, having fully reviewed Judge Ball's Report and Recommendation, along with Catchings's Objection, finds that the Report and Recommendation should be adopted as the opinion of this Court.

In the Report and Recommendation, Judge Ball recommended that Catchings's petition be denied for failure to exhaust and as procedurally defaulted.  In his Objection, Catchings asserts that "[a] procedural bar cannot be applied in the face of errors affecting fundamental rights because such a violation is too significant a deprivation of liberty to be subjected to a procedural bar."  Obj. [19] at 3 (quoting *Rowland v. State*, 42 So. 3d 503, 507 (Miss. 2010)).  But the case Catchings relies upon applied Mississippi's Post-Conviction Collateral Relief Act, not the federal habeas statutes.  "To overcome the procedural bar on nonexhaustion" applicable to his federal habeas petition, Catchings "must 'demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

"To show 'cause,' [Catchings] must establish that an external factor objectively impeded his ability to comply with [Mississippi's] procedural rule." *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008). "A claim of a miscarriage of justice is limited to a claim of actual innocence" and requires new and reliable evidence. *Id*. at 793–94 (citation omitted, quotation marks omitted). Catchings has not shown cause or prejudice. And he cannot show actual innocence, because he offers no new exculpatory evidence and actually admits in his Objection, "I have broken the law." Obj. [19] at 6.

Finally, Catchings makes passing reference to the "prison mail box" rule. Obj. [19] at 4. He does not state the date on which he mailed the motion for rehearing that was ultimately deemed untimely. But the certificate of service states that Catchings served the motion on April 25, 2013, and the Clerk of the Mississippi Court of Appeals docketed the motion as filed on April 25, 2013. Mot. for Reh'g [12-12]. So it appears that the Mississippi Court of Appeals gave Catchings the benefit of the prison-mailbox rule. *Pryer v. State*, 139 So. 3d 719, 721 (Miss. Ct. App. 2013) (explaining that Mississippi Supreme Court had adopted prison-mailbox rule for motions for post-conviction relief and appeals relating to PCR motions). Regardless, this Court defers to a Mississippi court's application of state procedural requirements. *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). Because the Mississippi Supreme Court dismissed Catchings's petition for a writ of certiorari as untimely, Catchings failed to exhaust his

remedies in state court in a procedurally proper manner.  His petition is therefore due to be dismissed with prejudice.[1]

For the foregoing reasons, IT IS, THEREFORE, ORDERED that Catchings's Motion to Show Cause [20] is construed as a motion to file Objection out of time and is granted.  IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the entire action is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of December, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]Catchings also claims that the Magistrate Judge misstated the state-court record in two ways.  But even if the Report and Recommendation contained the technical errors Catchings suggests, they are immaterial to the basis for the recommendation.